**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:25-cr-00049-RSB-PMS-6** |
| | ) | |
| **KENNETH BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR ADMISSION TO BAIL**

COMES NOW, the Defendant, Kenneth Brown (the "Defendant"), by counsel, and hereby moves for pre-trial release on terms and conditions for the following reasons:

**BACKGROUND**

The Defendant is 44 years old and has lived his entire life in or near Welch, West Virginia. He is married to Brianna Brown, age 35, and is the father of a young son. He also has a 12-year-old step-daughter. The Defendant attended Mountain View High School in Welch, West Virginia, and although he left school in the 12th grade, he completed work toward his GED. If admitted to bail, the Defendant can reside at 5 Martha Drive, Welch, West Virginia 24801, a residence owned by his father, Kenneth J. Brown, Sr. That household includes his wife, son, step-daughter, niece, and nephew.

The Defendant has maintained employment since approximately 2021 through various odd jobs. He is not a drug user and has not used controlled substances in the last five years. He has little to no criminal record since 2021. While the Defendant has an older stalking conviction and a manslaughter conviction, the age of the stalking conviction and the facts of the manslaughter conviction—which essentially involved self-defense—significantly mitigate any concern those matters might otherwise raise.

The Defendant faces significant health challenges. He is a severe diabetic who was hospitalized in April 2026 for twelve days, during which he was placed on life support. This medical crisis has left him with memory issues and other lingering health effects. In addition, the Defendant's primary residence at 1224 Black Diamond Highway, Welch, West Virginia, recently burned, and he is actively working to rebuild it. These circumstances further reduce any risk of flight and underscore the need for stable release conditions that allow him to address his medical needs and housing situation.

## STATUTORY BAIL CONSIDERATIONS

In general, there is a presumption that a defendant should be released pending trial on personal recognizance or upon execution of an unsecured appearance bond, unless conditions are necessary to reasonably assure the defendant's appearance or the safety of the community, or the court determines that no combination of conditions will suffice. 18 U.S.C. § 3142(a).

Persons charged with certain offenses are subject to a rebuttable presumption that no condition or combination of conditions will reasonably assure appearance and community safety. That presumption applies, for example, where the court finds probable cause that the defendant committed a drug offense carrying a maximum term of ten years or more. 18 U.S.C. § 3142(e)(3)(A). Even where the presumption applies, it is rebuttable, and the Court must still carefully weigh the factors set forth in 18 U.S.C. § 3142(g).

## FACTORS TO BE CONSIDERED

In determining whether pre-trial release is appropriate, the Court considers:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the defendant; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**ARGUMENT**

The nature and circumstances of the offense and the weight of the evidence strongly favor release. Based on the discovery reviewed to date, the Defendant had limited involvement in the alleged offense conduct, if any. There are no hand-to-hand controlled buys involving the Defendant. He was not found in a vehicle containing drugs. No firearms are associated with the Defendant in connection with the offense conduct. These facts demonstrate that any connection to the charged conduct is attenuated at best and that the Defendant does not pose the kind of risk that justifies continued detention.

The Defendant's history and characteristics further support release. He is a lifelong resident of the Welch area with deep and enduring family ties. He proposes to live with his wife, young son, step-daughter, and other relatives in a stable home owned by his father. He has maintained employment since 2021. He is not using drugs and has remained drug-free for at least five years. Although older convictions exist, the stalking conviction is remote in time, and the manslaughter conviction arose from circumstances amounting to self-defense. The Defendant's post-2021 record is essentially clean. Combined with his serious medical condition which include a recent hospitalization on life support, ongoing effects of severe diabetes, and resulting cognitive difficulties. These factors demonstrate that the Defendant is neither a flight risk nor a danger to the community.

The Defendant's recent loss of his primary residence to fire and his efforts to rebuild it further anchor him to the community. He has every incentive to appear as required and to comply

with conditions of release so that he may continue medical treatment, support his family, and restore his home.

Appropriate conditions of release will reasonably assure the Defendant's appearance and the safety of the community. The Defendant proposes to reside at 5 Martha Drive, Welch, West Virginia 24801, under the supervision of family members. He consents to GPS monitoring. He will submit to any curfew, and other conditions deem appropriate by the Court. He will have no contact with co-defendants. These conditions, together with the Defendant's strong community ties, medical needs, and limited alleged role, fully address any concerns under 18 U.S.C. § 3142.

**CONCLUSION**

There is insufficient evidence to establish that the Defendant is either a flight risk or a danger to the community. The conditions proposed residence with family, GPS monitoring, and employment will reasonably assure his appearance and the safety of the community. The Court should therefore grant the Defendant's motion for admission to bail.

Respectfully Submitted,

KENNETH BROWN

By:/s/ Aaron Balla Houchens
Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 E. Main Street
P.O. Box 1250
Salem, Virginia 24153
Tel.: 540-389-4498
Fax: 540-339-3903
aaron@houchenslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th of August 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing was electronically transmitted through the CM/ECF system to the following CM/ECF participants:

Carrie Lee Macon
Corey Evelyn Hall
United States Attorneys Office - Abingdon
180 West Main Street, Suite B19
Abingdon, VA 24210
276-628-4161
Fax: 276-628-7399
carrie.Macon@usdoj.gov
corey.hall@usdoj.gov

/s/ Aaron Balla Houchens_